Ex parte MENSING.

CLAFLIN et al. v. SOUTH CAROLINA R. CO. et al.

(Circuit Court, D. South Carolina. April 12, 1893.)

EQUITY—PARTIES—INTERVENTION.

Where, in a suit in equity, an execution has issued, and a levy and sale have been made of certain lands, a third party, who claims to be the true owner, cannot intervene, for the purpose of moving to set aside the execution, when there is no privity of estate between him and the party against whom the execution has issued. His remedy is a bill to quiet title, or he may, in an action at law, plead the invalidity of the execution.

In Equity. Petition by Henry C. Mensing for leave to intervene in the suit of Calvin Claflin and others against the South Carolina Railroad Company and others. Denied.

C. B. Northrop, for the motion.
Mitchell & Smith, opposed.

SIMONTON, District Judge. The petitioner alleges that under an execution issuing out of the equity side of this court, in the main cause, certain lands of his were levied upon as property of the South Carolina Railroad Company, and attempted to be sold; that claiming under this sale, D. H. Chamberlain now seeks to dispossess him. He also alleges that many persons, complainants in the main cause, have died, and were dead when the alias execution under which the marshal proceeded was issued, whereby the said suit was practically suspended, awaiting the renewal of the suit, or the suggestions on the record, and that so the said execution was void. He also alleges that the execution was void because the time for the issuing of an alias execution under the law controlling this case had expired. He seeks to intervene in this case for the purpose of moving to set aside said execution, fearing that he cannot attack it in any other way. He has not alleged—in fact, he cannot allege—that he has any privity with any party to the main cause. He denies, himself, that he has any privity of estate; for he does not claim his land by or through the South Carolina Railroad Company, and on the contrary denies its title to or claim on this land. Under these circumstances, he cannot be made a party to the main case. The case cannot be res judicata as to him, or affect his rights at all, if his contention be true. He is an utter stranger to, and is not affected by, it. The only mode in which he could get into a court of equity on the grounds set up by him would be by bill to quiet title. But inasmuch as there is a suit pending between himself and D. H. Chamberlain, and about to be tried, attacking this title, and testing its validity, a bill to quiet title would not lie. Story, Eq. Jur. § 826. If, as he alleges, this execution is utterly void, he can, in his defense at law, avail himself of this, if the execution be offered in evidence as a link in the chain of plaintiff's title.

The petition is dismissed.